# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **DARRIS JOHNSON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| vs. ) | Case No. 05-1282-CV-W-GAF |
| ) | Crim. No. 02-00269-02-CR-W-GAF |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER DENYING MOVANT'S § 2255 MOTION

In his motion under 28 U.S.C. § 2255, movant argues that he received ineffective assistance of counsel from his retained attorney, Mr. Willis Toney: (1) through a process of attempted cooperation, (2) by failing to challenge drug quantity; and (3) through a failure to file a notice of appeal.

On October 2, 2002, a federal grand jury sitting in Kansas City, Missouri, returned an indictment charging Johnson in one count with conspiracy to distribute a mixture or substance containing a detectable amount of marijuana in an amount of 1,000 kilograms or more, contrary to the provisions of 21 U.S.C. § 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846. Johnson entered a plea of guilty to all counts on November 5, 2002.

On May 30, 2003, in a continuation of proceedings initiated on May 9, 2003, Johnson entered a guilty plea. A Rule 11 Plea Agreement was tendered to the Court at that time. Johnson and his counsel signed the document on May 9, 2003, and initialed the document again on May 30, 2003.

At Johnson's plea hearing, the Court clerk administered the oath. The Court warned Johnson that any false answers to questions asked of him during the plea hearing could be used against him in a prosecution for perjury or false statement. Thereafter, the Court asked Johnson if he had fully reviewed

the plea agreement with his attorney. Johnson indicated that he had not. Johnson requested and received a continuance of the plea hearing so that he could discuss any further questions he had about the plea agreement.

On May 30, 2003, the Court reconvened Johnson's plea and began the Rule 11 colloquy from the beginning. The Court asked Johnson if he signed, read, reviewed with his attorney, and understood the terms of the plea agreement. Johnson acknowledged that he signed, read, discussed with his attorney, and understood the terms of the plea agreement. Johnson affirmed that he had taken sufficient time to discuss his case and its consequences with counsel, that counsel had answered his questions, and that he was satisfied with counsel's representation.

Johnson's plea agreement contained the following provision:

1. The defendant agrees to plead guilty to the Indictment, charging a violation of Title 21, United States Code, Section 841(a)(1), that is, Conspiracy to distribute marijuana in an amount of 1,000 kilograms or more. By entering into this Plea Agreement, the defendant admits that he knowingly committed this offense and is guilty of this offense.

During the plea hearing, Johnson affirmed his understanding of the charges against him. Johnson further specifically acknowledged that the government's burden included proof that the conspiracy involved 1,000 kilograms or more of marijuana. Finally, Johnson admitted that he joined a conspiracy to distribute 1,000 kilograms or more of marijuana.

This plea agreement also carried the following significant provision:

12, The defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. The defendant understands and acknowledges that his sentence will be determined and imposed pursuant to those Sentencing Guidelines. Defendant is aware that a sentence imposed under the Sentencing Guidelines does not provide for parole. *The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum*

> *established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or sentence in violation of law apart from the Sentencing Guidelines.* However, if the government exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).

(Emphasis added.) Johnson specifically acknowledged his understanding of this portion of the plea agreement during his plea hearing.

In this agreement, Johnson admitted the following facts:

Between on or about January 1, 1997, and October 2, 2002, the defendant agreed with others known to him to distribute marijuana in an amount of 1,000 kilograms or more. The defendant obtained marijuana which was transported from Mexico to the defendant's suppliers in Kansas City, Missouri, to the defendant in Omaha, Nebraska, where he distributed this marijuana to his own customers. The defendant received in excess of 1,000 kilograms of marijuana from his Kansas City supplier.

During his plea hearing, Johnson specifically affirmed and acknowledged his guilt.

In this agreement, the government agreed not to file any additional charges against Johnson arising out of present offenses or investigation in the Western District of Missouri.

On August 7, 2003, the Presentence Report ("PSR") was completed. The PSR concluded that Johnson's Sentencing Guideline range was 135 to 168 months based upon a total offense level of 32 and a criminal history of II. Counsel argued that Johnson should receive credit for acceptance of responsibility.

On December 9, 2004, a sentencing hearing was held before the Court. The Court noted Johnson's poor performance on bond but granted counsel's request that he be given credit for

3

Case 4:05-cv-01282-GAF   Document 12   Filed 05/16/06   Page 3 of 10

acceptance of responsibility. The Court found that Johnson's Sentencing Guidelines range was 120 to 121 months, with a statutory minimum sentence of 120 months.

The Court applied the Sentencing Guidelines as reflected in its findings at the sentencing hearing. The Court further noted and rejected Johnson's, through counsel, request for a continuance of the sentencing hearing in order to continue to attempt to provide substantial assistance. Johnson told the Court that it was his lawyer's fault that he was not able to provide assistance to the government. However, the Court noted the government's position of lack of interest in Johnson's cooperation because of the government's concern with his credibility.

The Court sentenced Johnson to 120 months' imprisonment - the minimum sentence available. Johnson's sentence was below the statutory maximum sentence and within the undisputed Guideline range and no appeal was taken.

*INEFFECTIVE REPRESENTATION*

A claim of ineffective assistance of counsel is a cognizable claim under 28 U.S.C. § 2255. *See, e.g., United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998). However, to establish a claim of ineffective assistance of counsel, the defendant must show: (1) his counsel's performance was deficient; that is, by showing that his counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) the deficient performance prejudiced the defense; that is, by showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Counsel's performance will not be deficient if the performance was one of "reasonably effective assistance." *Id*. For a defendant to show otherwise, he must show that counsel's representation fell

below an objective standard of reasonableness, and but for counsel's ineffective assistance, there is a "reasonable probability" that the result would have been different. *Id*. at 694. "Reasonable probability" means a probability sufficient to undermine the confidence in the outcome of the trial. *Id*.

In the inquiry of assistance of counsel, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance which is a barrier that the defendant must overcome. *Id.; see also Blankenship v. United States*, 159 F.3d 336 (8th Cir. 1998). The defendant bears the burden to affirmatively prove the prejudice aspect of the claim which requires proof of a reasonable probability that the result would have been different but for counsel's deficient performance. *French v. United States*, 76 F.3d 186, 188 (8th Cir. 1996), relying on *Strickland,* 466 U.S. at 694. In evaluating counsel's conduct, the court should avoid "the distorting effects of hindsight," and concentrate on the circumstances as they appeared to counsel at the time of trial. *Strickland*, 466 U.S. at 689.

Johnson's assertions regarding the performance of his attorney are contradicted by the credible evidence in the record. Principally, Johnson complains that his attorney was ineffective: (1) through a process of attempted cooperation; (2) by failing to challenge drug quantity; and (3) through a failure to file a notice of appeal as directed by Johnson.

Counsel's affidavit establishes that Johnson did not provide useful information to the agent who interviewed him. (Toney Affidavit at 1.)[1] Moreover, Johnson indicated to counsel that "he had walked

---

[1]Toney Affidavit refers to the affidavit prepared by Johnson's counsel, Willis Toney.

5

away from the drug culture and therefore he was not in a position to get the agents the type of information that they wanted. *(Id.)* Furthermore, the government did not consider Johnson to be a credible witness.

As reflected in counsel's affidavit, the drug quantity calculation under the United States Sentencing Guidelines was not relevant to the determination of Johnson's sentence. (Toney Affidavit at 2.) Counsel advised Johnson and his family that the mandatory minimum sentence controlled the sentence Johnson would receive on the basis of the conduct that Johnson disclosed to counsel. *(Id.)* Counsel also noted that his conduct of plea negotiations resulted in the favorable resolution of other issues that would have increased Johnson's exposure beyond the mandatory minimum sentence. *(Id.)*

Counsel's affidavit establishes that Johnson did not request counsel to file a notice of appeal. (Toney Affidavit at 3-4.) Moreover, counsel noted that Johnson's plea agreement forbid an appeal under the circumstances. (Toney Affidavit at 3-4.) Finally, counsel correctly noted that Johnson had no viable theory upon which appellate relief could be granted. *(Id.)*

In response, the transcript of Johnson's plea and sentencing hearings, the case agent's affidavit, and counsel's affidavit conclusively demonstrate that (1) Johnson did not provide credible information to form the basis for a substantial assistance motion irrespective of his attorney's performance; (2) the statutory minimum and not the Sentencing Guidelines determined Johnson's sentence notwithstanding his attorney's decision to forego a challenge of the drug quantity; and (3) Johnson did not request his attorney to file a notice of appeal. Johnson fails to show that he was prejudiced by the performance of his counsel.

6

Additionally, a defendant who is aware of the government's interest in his cooperation but who does not provide information worthy of consideration of reduction under § 5K1.1 U.S.S.G. or 18 U.S.C., § 3553 cannot blame his counsel for his own decision not to provide the information known to him. *See United States v. Ledezma-Rodriguez*, 423 F.3d 830, 837-38 (8th Cir. 2005).

Between May 30, 2003 and December 9, 2004, Johnson had the opportunity to provide substantial assistance through proffer interviews, but did not do so. While at sentencing Johnson claimed to have significant information that would form the basis for a downward departure motion, there is no indication that he has ever attempted to contact anyone in law enforcement with that information. Furthermore, it would likely be to no avail in that the government does not consider Johnson to be a credible witness.

Counsel's decision not to challenge the quantity of drugs attributable to a defendant cannot prejudice a defendant unless the result of the sentencing hearing would have been different had the objection been made and sustained. *See Lindsey v. United States*, 310 F.3d 606, 607-08 (8th Cir. 2002). In a situation where the Guidelines calculation does not impact the sentence imposed, there can be no prejudice.

Johnson knowingly and intelligently entered a guilty plea to a conspiracy to distribute 1,000 kilograms or more of marijuana. While acknowledging that the acts of his co-conspirators were attributable to him, Johnson disputed that he should be held accountable for any marijuana beyond that which he personally distributed. The PSR held Johnson accountable for 1,143 kilograms of marijuana.

7

Had Johnson's counsel successfully challenged this drug quantity attribution, Johnson's sentence would still have been 120 months because of the statutory minimum sentence applicable to the charge to which Johnson pled guilty. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.[2]

With regard to Johnson's alleged desire to appeal his sentence, the record reflects that Johnson expressly waived his right to appeal or collaterally challenge any sentence "on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or sentence in violation of law apart from the Sentencing Guidelines." Additionally, the Court specifically advised Johnson that his plea agreement limited his right to appeal and that notice of intent to appeal had to be filed ten days from December 9, 2004, if he believed there was a basis for appeal that was not waived.

When a criminal defendant requests or instructs that counsel file a notice of appeal, counsel's failure to do so is a per se violation of the Sixth Amendment. *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989). However, a defendant must request that a notice of appeal be filed in order for this proposition to apply. *Williams v. Lockhart*, 849 F.2d 1134, 1137 (8th Cir. 1988). If counsel fails to follow a defendant's request or instruction to file a notice of appeal, the remedy is a remand for re-sentencing so that defendant may enjoy his right to appeal. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). The only factual determination for this Court is whether Johnson did in fact request or instruct counsel to file a notice of appeal. *Yoderpasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) ("A bare assertion by [movant] that [he] made a request is not by itself sufficient to

---

[2]Moreover, Johnson's claims against his counsel fail because his counsel's representation was instrumental in causing the government to forego the filing of an information pursuant to 21 U.S.C. § 851. Johnson faced a potential 240-month mandatory minimum sentence as a result of his prior felony drug conviction. (PSR at 14).

support a grant of relief, if evidence that the factfinder finds to be more credible indicates the contrary proposition." (Citation omitted).

Johnson's assertion of his directing that counsel file a notice of appeal is not credible given counsel's affidavit to the contrary together with the record herein.

Even if counsel had failed to file an appeal upon Johnson's request, it would simply demonstrate that counsel was adhering to the plea agreement. An appeal would have been a breach of the plea agreement and could have exposed Johnson to more punishment than he received. A defendant who waives his right to appeal as part of a plea agreement cannot fault his attorney for refusing to heed the defendant's request to violate that agreement and file an appeal. *See United States v. Muniz*, 360 F.Supp.2d 574, 481 (S.D.N.Y. 2005) ("Because an appeal would have been dismissed as barred by the enforceable waiver of appeal rights included in the plea agreement, . . . Muniz cannot show prejudice in his attorney's failure to file a notice of appeal"); *United States v. Jiminez*, 262 F.Supp.2d 85, 89 (S.D.N.Y. 2003) ("Because Jiminez waived his right to appeal, he is precluded from asserting an ineffective assistance claim based on counsel's failure to file a notice of appeal"); *Rosa v. United States*, 170 F.Supp.2d 388, 408 (S.D.N.Y. 2001) ("[His attorney was not ineffective in failing to file a notice of appeal did not 'actually cause the forfeiture of defendant's appeal' . . . because defendant had already forfeited that right in his plea agreement").

Furthermore, an attorney is not obligated to file an appeal of non-meritorious issues, *Meyer v. Sargent*, 854 F.2d 1110, 1115 (8th Cir. 1988); appellate waivers such as the one Johnson entered into are routinely honored. *See, e.g., United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003). Johnson has made no showing that his sentencing issues would have been legally meritorious, or that the

9

Court of Appeals would have entertained them in the first place, given his knowing and intelligent waiver. Therefore, prejudice has not been demonstrated.

WHEREFORE, for the reasons stated herein, Johnson's motion under § 2255 is denied.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
 United States District Court

DATED:   May 16, 2006